**O**
**JS-6**

# United States District Court
# Central District of California

CLEMENCIA MARTINEZ,
Plaintiff,
v.
WAL-MART ASSOCIATES, INC.,
Defendant.

Case № 2:26-cv-05535-ODW (ASx)

**ORDER GRANTING MOTION TO REMAND [17]**

## I. INTRODUCTION

In *Villatoro v. Wal-Mart Associates*, No. 2:25-cv-04448-ODW (MAAx), a wage and hour putative class action previously before this Court, the Court dismissed Plaintiff Clemencia Martinez's Unfair Competition Law ("UCL") claim because the Court lacked equitable jurisdiction over the UCL claim. However, the Court dismissed the claim without prejudice for the express purpose of allowing Martinez to re-file in state court. Martinez did so, but Defendant Wal-Mart Associates, Inc. ("Walmart") promptly removed the case again. Martinez now moves to remand the action back to state court. (Mot. Remand ("Motion" or "Mot."), Dkt. No. 17.) For the following reasons, the Court **GRANTS** the Motion.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Martinez is a former Walmart employee who previously worked as a Deli Associate at an Ontario, California Walmart store. (Notice Removal ("NOR") Ex. A ("Compl.") ¶ 3, Dkt. No. 1-1.) Among other things, Martinez alleges that Walmart failed to provide her with required meal and rest periods and failed to reimburse her for the use of her cell phone for business operations. (*Id.* ¶¶ 14–32.)

On December 19, 2024, Martinez and then-co-plaintiff Obed Villatoro filed a putative class action in California state court. Compl., *Villatoro v. Wal-Mart Associates*, No. 2:25-cv-04448-ODW (MAAx) (C.D. Cal. Feb. 21, 2025) ("*Villatoro* Action"), Dkt. No. 1-1. After removal, Martinez amended her complaint and brought a UCL claim to recover restitution for the portion of Martinez's employment that fell outside the California Labor Code's three-year statute of limitations. First Am. Compl., *Villatoro* Action, Dkt. No. 13 ("*Villatoro* FAC"). On May 30, 2025, Walmart moved to dismiss the first amended complaint. (Decl. Mikael H. Stahle ("Stahle Decl.") Ex. 1 ("Walmart FMTD"), Dkt. No. 17-2.) In the motion, Walmart argued the Court lacked equitable jurisdiction over Martinez's UCL claim because the first amended complaint established that she has adequate remedies at law. (*Id.* at 21–22.) Without reaching this argument, the Court dismissed Martinez's UCL claim with leave to amend because Martinez failed to state a claim on her predicate meal and rest period claims. (Order Dismiss *Villatoro* FAC, *Villatoro* Action, Dkt. No. 39.)

After Martinez filed a second amended complaint, on December 29, 2025, Walmart moved to dismiss again. (Stahle Decl. Ex. 2 ("Walmart SMTD"), Dkt. No. 17-3.) Unlike the previous motion to dismiss, Walmart did not argue whether Martinez had stated a claim on her meal period claim. (*See generally id.*) However, Walmart again argued that the Court lacked equitable jurisdiction over Martinez's UCL claim because the second amended complaint established that she has adequate remedies at law. (*Id.* at 18–20.) This time, the Court reached Walmart's equitable jurisdiction argument and dismissed Martinez's UCL claim due to lack of equitable

jurisdiction. (Order Dismiss *Villatoro* SAC 10–11, *Villatoro* Action, Dkt. No. 50.) The Court found it lacked equitable jurisdiction over the UCL claim because Martinez had adequate legal remedies for the conduct underlying the UCL claim, specifically, claims for violation of meal and rest period laws. (*Id.*) Although the Court's ruling meant that Martinez could not recover (in federal court) for the meal and rest period violations falling outside the Labor Code's statute of limitations, the Court found that Ninth Circuit precedent compelled the result. (*Id.* at 11 (citing *Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) ("[E]quitable relief must be withheld when an equivalent legal claim would not have been available but for a time bar."))). However, the Court dismissed the UCL claim without prejudice, expressly stating that Martinez could re-file the claim in state court. (*Id.* at 12.)

On March 24, 2026, Martinez voluntarily dismissed her claims against Walmart without prejudice. (Notice Voluntary Dismissal, *Villatoro* Action, Dkt. No. 56.) Shortly thereafter, on March 30, 2026, Martinez filed this putative class action in state court, stepping through the door the Court opened and asserting a standalone UCL claim against Walmart. (Compl. ¶¶ 13–40.) However, on May 22, 2026, Walmart removed the action back to this Court under the Class Action Fairness Act. (NOR ¶ 4.) On July 13, 2026, over thirty days after Walmart filed its notice of removal, Martinez filed the instant Motion, asking the Court to once again find that it lacks equitable jurisdiction over Martinez's UCL claim. (Mot. 1.) For its part, Walmart also moves for judgment on the pleadings. (Mot. J. Pleadings, Dkt. No. 13.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction authorized by the Constitution and federal statutes. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under

federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

## IV. DISCUSSION

The Court starts with what the parties do agree on. The parties agree that removal is otherwise proper under the Class Action Fairness Act. (*See generally* Mot.; Opp'n 10–12, Dkt. No. 21.) The parties also agree that Martinez did not file her motion to remand within the thirty-day time limit under 28 U.S.C. § 1447(c). (Opp'n 9–10; Reply 2–5, Dkt. No. 22.) The parties even agree that the Court, barring waiver, does not have equitable jurisdiction over Martinez's UCL claim. (Mot. 5–8; Opp'n 16.) Thus, the two discrete issues remaining before the Court are: (1) whether lack of equitable jurisdiction is a defect that Martinez did not need to raise within thirty days of removal; and (2) whether Walmart is judicially estopped from waiving an adequate remedy at law defense, and consequently, equitable jurisdiction. For the following reasons, the Court answers both questions in the affirmative and finds that remand is proper.[2]

### A. Thirty-Day Time Limit

The first issue is whether Martinez's failure to raise the lack of equitable jurisdiction within thirty days of removal bars remand.

---

[2] Walmart also argues that Martinez's failure to attach a Local Rule 7-3 meet and confer certificate requires denial of the Motion. (Opp'n 21.) However, Martinez's counsel not only declares that he met and conferred with Walmart's counsel but also states exactly what Martinez's and Walmart's positions are. (Decl. Mikael H. Stahle ISO Mot. ¶¶ 5–7, Dkt. No. 17-1.) This is exactly what Local Rule 7-3 requires of counsel. *See* C.D. Cal. L.R. 7-3 ("[C]ounsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party . . . .").

Under 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." However, the Ninth Circuit has recognized that parties may move to remand on grounds outside of § 1447(c). For example, in *Kamm v. ITEX Corp.*, the Ninth Circuit held that a motion to remand based on a forum selection clause did not raise a "defect" falling under § 1447(c), and thus, § 1447(c)'s thirty-day time limit did not apply. 568 F.3d 752, 755–57 (9th Cir. 2009).

Here, § 1447(c)'s thirty-day time limit does not apply to the Motion. Martinez raises only lack of equitable jurisdiction in the Motion. (*See generally* Mot.) Like a forum selection clause, the Ninth Circuit has recognized that "lack of equitable jurisdiction is not among the bases for remand in 28 U.S.C. § 1447(c)," reasoning that lack of equitable jurisdiction is a "non-merits determination akin to declining to exercise jurisdiction under abstention principles." *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 912, 914 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 2605 (2026). As the Motion raises a basis for remand that does not fall under § 1447(c)—specifically, lack of equitable jurisdiction—§ 1447(c)'s thirty-day time limit does not apply. *Kamm*, 568 F.3d at 757.

For these reasons, the Court finds that Martinez's failure to raise lack of equitable jurisdiction within thirty days of removal does not bar remand.

**B. Equitable Jurisdiction and Judicial Estoppel**

Having found that Martinez's Motion is not untimely, the Court turns to whether the Court lacks equitable jurisdiction. Martinez asserts only one cause of action under the UCL. (Compl. ¶¶ 13–40.) UCL actions are equitable in nature, which means that federal courts "must apply traditional equitable principles before awarding restitution under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). One of those principles is that, if legal remedies are adequate, a federal court "lack[s] equitable jurisdiction to consider the merits of a claim at all (even if they otherwise have subject matter jurisdiction)." *Cook v. Matrix*

*Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 892 (N.D. Cal. 2024). However, the Supreme Court has held that lack of equitable jurisdiction is waivable. *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 500 (1923) ("[U]nlike lack of jurisdiction as a federal court . . . lack of equity jurisdiction (if not objected to by a defendant) may be ignored by the court . . . ."). Thus, "a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." *Ruiz*, 153 F.4th at 918.

Here, invoking *Ruiz*, Walmart attempts to waive its adequate-remedy-at-law defense. (Opp'n 16.) Martinez argues Walmart is judicially estopped from waiving the defense because of its prior positions in the *Villatoro* Action. (Reply 5–7.)

Judicial estoppel is an equitable doctrine that "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749–50 (citation modified). The Supreme Court has identified the following non-exhaustive factors for courts to consider in determining whether judicial estoppel is applicable: (1) "a party's later position . . . [is] 'clearly inconsistent' with its earlier position," (2) the party succeeded in persuading the first court to accept its earlier position, and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51. Judicial estoppel does not apply if the party's change in position is based on inadvertence or mistake rather than chicanery. *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir. 2011).

All three factors weigh in favor of judicially estopping Walmart from waiving its adequate-remedy-at-law defense. First, Walmart is taking a "clearly inconsistent" position. In the *Villatoro* Action, Walmart argued twice that Martinez's UCL claim must be dismissed because of lack of equitable jurisdiction. (Walmart FMTD 21–22; Walmart SMTD 18–20.) Specifically, Walmart argued that Martinez had an adequate

remedy at law for the wage and hour violations underlying her UCL claim, and thus, could not invoke the Court's equitable jurisdiction. (Walmart FMTD 21–22; Walmart SMTD 18–20.) However, having previously used the adequate remedy at law defense as a sword in seeking dismissal of Martinez's UCL claim, Walmart now attempts to wield it as a shield in preventing remand of the same claim. These are clearly inconsistent positions.

Although Walmart points to the different procedural posture in the *Villatoro* Action and the fact that Martinez's UCL claim here stands alone, Walmart does not explain why these facts would make Walmart's positions any less inconsistent. (Opp'n 16–18.) Nor could it. Inherent in the application of the judicial estoppel doctrine is the assumption that a party is taking an inconsistent legal position at a different procedural posture in the case. *New Hampshire*, 532 U.S. at 749 ("[A] party's *later* position . . . [is] 'clearly inconsistent' with its *earlier* position . . . ." (citation modified)). Further, although Martinez does not co-plead her UCL claim here as she did in the *Villatoro* action, the facts underlying the claim remain substantially the same: that Walmart failed to provide her with required meal and rest periods and failed to reimburse her for use of a cell phone. (*Compare Villatoro* FAC ¶¶ 42–51, *with* Compl. ¶¶ 14–32.) Thus, the first factor weighs in favor of judicial estoppel.

Second, Walmart's prior argument succeeded. In the *Villatoro* Action, the Court found Walmart's argument persuasive and dismissed Martinez's UCL claim due to lack of equitable jurisdiction. (Order Dismiss *Villatoro* SAC 10–11.) Thus, the second factor weighs in favor of judicial estoppel.

Finally, Walmart's position results in unfair prejudice. In both the *Villatoro* Action and this one, Martinez's chosen forum was state court. As is its right, Walmart removed both actions to this Court. However, by adopting this clearly inconsistent position, Walmart is unfairly depriving Martinez of her ability to litigate this matter in

her chosen forum. *See Ruiz*, 153 F.4th at 914 ("[P]laintiffs are free to selectively plead claims to avoid federal court jurisdiction.").

Walmart argues that any prejudice is the result of a good faith mistake or inadvertence, rather than chicanery. (Mot. 18–20.) Specifically, Walmart argues that the Ninth Circuit had not yet decided *Ruiz* when it first moved to dismiss in the *Villatoro* action, and that *Ruiz* was "brand new" when it reraised its lack of equitable jurisdiction argument in moving to dismiss a second time. (*Id.*) The Court is not persuaded. While *Ruiz* may have not been decided when Walmart first moved to dismiss in *Villatoro*, the Supreme Court decided *Pusey & Jones* in 1923—over a century ago. And in *Pusey & Jones*, the Supreme Court very clearly set out that equitable jurisdiction is waivable. 261 U.S. at 500. Thus, Walmart should have always known that equitable jurisdiction is waivable, and its pleas of mistake or inadvertence are not well taken. Further, in its Order dismissing Martinez's UCL claim, the Court very clearly stated that it was dismissing Martinez's claim without prejudice for the express purpose of allowing her to re-assert it in state court—which was Martinez's chosen forum in the first place. (Order Dismiss *Villatoro* SAC 12.) For Walmart to promptly remove it back to this Court, despite the Court's clear instruction, reeks of gamesmanship. The third factor weighs in favor of judicial estoppel.

In sum, as all three factors weigh in favor of applying judicial estoppel, the Court judicially estops Walmart from waiving its adequate-remedy-at-law defense in a bid to avoid remand. As Walmart may not waive this defense, the Court once again finds it is without equitable jurisdiction and must remand this action.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Martinez's Motion. (Dkt. No. 44.) The Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, Case No. 26STCV10050. All dates and deadlines are **VACATED**. The Clerk of the Court

shall close the case. The Court **DENIES** Walmart's motion for judgment on the pleadings **AS MOOT**. (Dkt. No. 13.)

**IT IS SO ORDERED.**

October 22, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**